In Matter of Petition of Eichenbaum Plumbing Co.

---

## In the Matter of the Petition of the Eichenbaum Plumbing Co.

1. MANDAMUS—*When it Will Issue from This Court.*—The Appellate Court can only issue a writ of mandamus in aid of its jurisdiction.

2. APPELLATE COURT—*What is Not in Aid of its Jurisdiction.*—The granting of a certificate of evidence on a motion to set aside an order appointing a receiver is not in aid of the jurisdiction of the Appellate Court in the appeal from such order.

3. APPELLATE COURT PRACTICE—*What is Not an Appealable Order.*—An order overruling a motion to set aside an order appointing a receiver is not an appealable order.

**Mandamus.**—Original proceedings in this court. Demurrer to petition sustained. Opinion filed June 9, 1898.

MARTIN & MARTIN and J. N. FELTON, attorneys for petitioner.

B. M. SHAFFNER, attorney for respondent.

MR. PRESIDING JUSTICE ADAMS delivered the opinion of the court.

This is a petition for a writ of mandamus to compel the Hon. Farlin Q. Ball, judge of the Superior Court, to sign

a certificate of evidence. The certificate presented to him for signature is attached to the petition. The respondent has filed a demurrer. The certificate presented for signature purports to contain the evidence read on a motion to set aside an order of the court appointing a receiver in the case of Elias Levee et al. v. Paul Eichenbaum et al., which case is pending in this court on appeal from the order appointing the receiver. This court can only issue the writ of mandamus in aid of its jurisdiction, and a certificate of evidence on a motion to set aside an order appointing a receiver would not be in aid of the jurisdiction of the court in the appeal from the order appointing the receiver. The order overruling the motion to set aside the order appointing the receiver is not an appealable order. The certificate, if signed, could not in any way aid the court in the appeal case. It would be wholly irrelevant. The demurrer will be sustained.